UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAPHAEL CLARK, | ) |
| | ) |
| Movant, | ) |
| | ) |
| | ) No. 4:17-CV-1802 RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In the instant motion, movant claims that the new Supreme Court case of *Johnson v. United States*, 135 S.Ct. 2551 (2015), decided in June of 2015, should be applied to his case in order to reduce his sentence.[1] The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA.

On June 10, 1983, after a jury trial, movant was sentenced to an aggregate term of one-hundred and twenty (120) years of imprisonment for kidnapping, transportation in interstate commerce of a stolen vehicle, transportation of a female across state lines for immoral purposes

---

[1]In the instant motion, movant argues that, in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Mathis v. United States*, 131 S.Ct. 2243 (2016), he no longer qualifies as a career offender because his kidnapping conviction lists multiple alternative means of satisfying its elements and can no longer serve as a predicate offense as a crime under § 924(e) of the Armed Career Criminal Act. The Supreme Court has not applied *Mathis* retroactively, and it appears movant was untimely in bringing his claims under *Johnson*, as it was decided more than a year before movant filed his habeas petition in this Court. *See Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) ("*Mathis* did not announce [a new rule made retroactive by the Supreme Court]; it is a case of statutory interpretation."); *see also United States v. Evenson*, 864 F.3d 981, (8th Cir. 2017) ("As the Supreme Court presented it, the decision [in *Mathis*] simply reflected the 'straightforward' application of decades of precedent.").

and the use of a firearm to commit the offense of kidnapping. Movant appealed his sentence to the Eighth Circuit Court of Appeals, and his conviction was affirmed on March 6, 1985.

On January 29, 1986, movant filed a motion to vacate, brought pursuant to 28 U.S.C. § 2255 in this Court. *See* No. 86-0224C(1) (file submitted to the Honorable Judge John F. Nangle). On September 29, 1986, Judge Nangle ordered movant to file an amended motion to vacate on the grounds of ineffective assistance of counsel and denial of due process regarding the presentence investigation report. The amended motion to vacate was denied on March 25, 1987.

Movant appealed the denial of his motion to vacate to the Eighth Circuit Court of Appeals. The appeal was dismissed on November 4, 1987.

Movant filed a successive motion to vacate, brought pursuant to 28 U.S.C. § 2255 in this Court on August 22, 1991. The matter was submitted to the Honorable Stephen N. Limbaugh, Sr.. He denied and dismissed the action on April 1, 1993. *See Clark v. United States*, No. 4:91-CV-1738 CDP (E.D.Mo.).

> Under 28 U.S.C. § 2255:
>
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Movant submitted his successive § 2255 motion without the required certification. When a second or successive habeas petition is filed in a district court without the authorization of the court of appeals, the court should dismiss it, or, in its discretion, transfer the motion to the appellate court so long as it is in the interests of justice. *Boyd v. U.S.*, 304 F.3d 813, 814 (8th Cir. 2002).

In this case, the Court will deny and dismiss movant's action as successive.

Accordingly,

**IT IS HEREBY ORDERED** that the instant motion to vacate is **DENIED AND DISMISSED AS SUCCESSIVE**, because movant did not obtain permission from the court of appeals to bring the motion in this Court. *See* 28 U.S.C. § 2255(h).

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this  8th  day of December, 2017.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE